IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN KEVIN JACOBS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CASE NO. CV00-HGD-1053-S |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| INTERNAL REVENUE SERVICE, and ) | |
| STATE OF ALABAMA DEPARTMENT ) | |
| OF HUMAN RESOURCES, ) | |
| ) | |
| Defendants ) | |

**MEMORANDUM OPINION**

This matter is before the undersigned United States Magistrate Judge based on the consent of all parties in accordance with the provisions of 28 U.S.C. § 636(c) and Rule 73, Fed.R.Civ.P. The Court has taken under submission the evidence and arguments of the parties with regard to the motions to dismiss or for a more definitive statement filed by defendants, the United States of America, the Internal Revenue Service, and the State of Alabama Department of Human Resources [Docs. #4, 7, & 10]. Since these motions were accompanied by exhibits submitted as evidence in support thereof, the motions are considered to be motions for summary judgment in accordance with Rule 12(b), Fed.R.Civ.P. [See Doc. #8].

Plaintiff, John Kevin Jacobs, asserts that the United States Internal Revenue Service (IRS) withheld refunds due him on three occasions and is attempting to withhold his refund a fourth

time. He next alleges that the Alabama Department of Human Resources (ADHR) had the IRS withhold his federal income tax refunds on three occasions and was attempting to do so a fourth time. In his third allegation, he claims that an Alabama circuit court judge denied him legal counsel in a domestic relations case. [Doc. #1]. Plaintiff does not state what relief he seeks. However, the Court assumes that he wants the Court to order that the IRS and ADHR cease withholding his refunds from him and return any money already re-directed by defendants.

ADHR asserts that (1) plaintiff has failed to state a claim for which relief can be granted; (2) plaintiff has failed to claim any relief at all; and (3) this Court lacks subject matter jurisdiction over the State of Alabama under the doctrine of sovereign immunity and the Eleventh Amendment to the Constitution of the United States. [Docs. #4, 10]. The United States of America and the IRS assert that plaintiff's action is due to be dismissed for lack of subject matter jurisdiction. [Doc. #7].

The only conceivable basis for this action would appear to be that plaintiff was denied procedural due process by defendants, IRS and ADHR, before his property was seized and that this is somehow related to the failure of the state circuit court to appoint counsel to represent him in his divorce case.

Based on the documents submitted by the parties, it appears that plaintiff was involved in a child support dispute arising from his divorce from Donna Evelyn Jacobs. Subsequent to that divorce, he was held in contempt of court for failure to pay child support as ordered by that court. On October 6, 1996, plaintiff was found by the court to be in arrears in payment of child

2

support in the amount of $3035.00, plus interest in the amount of $1223.00. The state court ordered that plaintiff pay current child support, arrears, and interest payments to ADHR.

Title 38-10-1 through 38-10-12, *Code of Alabama* (1975), provide that ADHR "shall operate child support programs as may be required" pursuant to Title IV-D of the Social Security Act. This requires "enforcing support obligations and related matters, as described or defined by the Social Security Act and amendments thereto." *Id*.

Title IV-D of the Social Security Act, as amended, requires that a state operating child support programs under that act shall have in effect "procedures necessary to obtain payment of past-due support from overpayments made to the Secretary of the Treasury as set forth in section 664 of this Title, and take all steps necessary to implement and utilize such procedures." 42 U.S.C. § 654(18).

Title 26 U.S.C. § 6402 provides, in pertinent part:

> The amount of any overpayment to be refunded to the person making the overpayment shall be reduced by the amount of any past-due support (as defined in section 464(c) of the Social Security Act) owed by that person of which the Secretary has been notified by a State in accordance with section 464 of the Social Security Act . . . .

26 U.S.C. § 6402(c).

Section 464(c) of the Social Security Act, 42 U.S.C. § 664(c), provides that the term "past-due support" means the amount of a delinquency, determined by a court order, or an order of an administrative process established under state law, for support and maintenance of a child, or of a child and the parent with whom the child is living.

3

ADHR utilized the laws set out above to obtain tax refunds due to plaintiff to offset past due child support obligations. There has been no showing that ADHR requested or the IRS withheld any money in excess of that owed for his past due support. Likewise, though administrative procedures exist for contesting an income tax offset, plaintiff never has taken advantage of these procedures despite having been given notice of them by ADHR each time a tax offset was utilized. Thus, plaintiff has waived his right to due process by failing to take advantage of the procedures available to him to contest the seizure of his refund.

In addition, 26 U.S.C. § 6402(e) (applicable to refunds payable on or before December 31, 1999) and 26 U.S.C. § 6402(f) (applicable to refunds payable after December 31, 1999) provide that no court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by 26 U.S.C. § 6402(c).

Likewise, as a general rule, the Eleventh Amendment prohibits actions seeking a monetary award from a state, state agency or state employee sued in his or her official capacity. *See Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). An individual may, however, bring suit if the state unequivocally has waived its immunity or if congressional legislation under § 5 of the Fourteenth Amendment operates as a waiver of the Eleventh Amendment's protection. *Kennecott Copper Corp. v. State Tax Comm'rs of Utah*, 327 U.S. 573, 577, 66 S.Ct. 745, 747, 90 L.Ed. 862 (1946); *Hutto v. Finney*, 437 U.S. 678, 693, 98 S. Ct. 2565, 2575, 57 L.Ed.2d 522 (1978) (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976)).

ADHR qualifies as an arm of the State of Alabama. *See Ross v. State of Alabama*, 893 F.Supp. 1545, 1550 (M.D.Ala. 1995); *Mitchell v. Davis*, 598 So.2d 801, 806 (Ala. 1992). Neither the State of Alabama nor congressional action under § 5 of the Fourteenth Amendment to the United States Constitution has waived Eleventh Amendment immunity here.

Consequently, plaintiff has failed to show that he is entitled to relief under any statute or the Constitution of the United States, and none is apparent on the face of his pleadings or in the exhibits presented by the parties. Therefore, defendants' motions to dismiss [Docs. #4, 7 & 10], subsequently redesignated by the court as motions for summary judgment, are due to be granted.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 22ᴺᴰ day of February, 2001.

                                          HARWELL G. DAVIS, III
                                          UNITED STATES MAGISTRATE JUDGE